[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10870
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2005
THOMAS  K. KAHN
CLERK**

D. C. Docket No. 04-80042-CV-DTKH

KAREN KINGDOM,

Plaintiff-Appellee,

versus

RIVERA BEACH, CITY OF,
a Florida Municipal Corporation,

Defendant,

CLAUDE COSBY, III,
individually and as police officer
for the City of Riviera Beach, FL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 12, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant/Defendant, Claude Cosby, III ("Officer Cosby"), appeals from the district court's order denying his motion for summary judgment based on qualified immunity in an action brought by Appellee/Plaintiff, Karen Kingdom ("Kingdom"), under 42 U.S.C. § 1983.

We review a district court's order denying summary judgment based on qualified immunity *de novo*. *Jones v. Cannon*, 174 F.3d 1271, 1280 (11th Cir. 1999).

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly denied summary judgment to Officer Cosby because Officer Cosby had notice that his actions toward Kingdom violated her clearly established Fourth Amendment right to be free from an unreasonable seizure. In *Broward v. County of Inyo*, 489 U.S. 593, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989), the United States Supreme Court defined a "seizure" within the Fourth Amendment context as a "governmental termination of freedom of movement through means intentionally applied." *Id.* at 597, 109 S. Ct. at 1381. In *Inyo*, the Supreme Court held that a police road block intentionally created to stop a fleeing felon met this definition, where the physical obstacle of the road block had the

2

intended effect. *Id.* at 598-99, 109 S. Ct. at 1382. In the present case, viewing the evidence in the light most favorable to Kingdom, we agree with the district court that sufficient evidence exists from which a jury could find that officer Cosby commanded innocent motorists to stop through display of his police authority and that his conduct constituted a "means intentionally applied" to seize Kingdom and others. We also agree with the district court's finding that Kingdom's Fourth Amendment right to be free from unreasonable seizure was clearly established in May, 2002.

In sum, because we see no merit to any of the arguments Cosby makes in this appeal, we affirm the district court's order denying his motion for summary judgment based on qualified immunity.

**AFFIRMED.**